IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GRACE DAUGHTRIDGE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil No. 07-0628 (PLF) |
| ) | |
| CARROLLSBURG SQUARE ) | |
| CONDOMINIUM ASSOCIATION, ) | |
| INC., et al., ) | |
| ) | |
| Defendants. ) | |

## ANSWER OF TRAVELERS

Defendant The Travelers Indemnity Company of America ("Travelers"), incorrectly named in the complaint as Travelers Insurance Company, by its undersigned attorneys, responds to each paragraph of the Complaint as follows:

1. The allegations of paragraph 1 consist of conclusions of law, to which no response is required. To the extent that a response is deemed required, Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1.

2-3. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 2 and 3.

4. In response to the allegations of paragraph 4, Travelers states that it is a Connecticut corporation, with its principal place of business in Hartford, Connecticut, and that it is an insurer admitted in the District of Columbia.

07266/0/00265741.WPDv1

5-6.    Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 5 and 6.

7.    In response to the allegations of paragraph 7, Travelers states that it issued to the Carrollsburg Square Condominum Association, Inc. ("the Association") a Condominium PAC policy ("the Policy"), numbered I-680584H8258-TIA-04, effective January 1, 2004, to January 1, 2005, which Policy speaks for itself.

8.    The allegations of paragraph 8 consist of conclusions of law, to which no response is required. To the extent that a response is deemed required, Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8, except that Travelers denies any breach of the Policy.

9.    The allegations of paragraph 9 consist of conclusions of law, to which no response is required. To the extent that a response is deemed required, Travelers denies the allegations of paragraph 9.

10.    In response to the allegations of paragraph 10, Travelers states that the Policy speaks for itself. Travelers denies that Exhibit B to the Complaint represents the Policy issued to the Association in effect on the date of the fire.

11.    In response to the allegations of paragraph 11, Travelers states that the Policy speaks for itself.

12.    In response to the allegations of paragraph 12, Travelers admits that Plaintiffs' condominium sustained fire-related damage.

13. The allegations of paragraph 13 consist of conclusions of law, to which no response is required. To the extent that a response is deemed required, Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13.

14-15. Admitted.

16. In response to the allegations of paragraph 16, Travelers admits that Plaintiffs obtained such an estimate but denies that such estimate is reasonable or correct.

17. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 17. In response to the second sentence of paragraph 18, Travelers states that the Complaint, as served upon it, contains no Exhibit C.

18. In response to the allegations of paragraph 18, Travelers states that it and the Association arrived at a reasonable agreed valuation of the loss under the Policy.

19. In response to the allegations of paragraph 19, Travelers admits that Plaintiffs make such contentions but denies the substance of such contentions.

20. Denied.

21. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21, except that Travelers denies any authority over Plaintiffs.

22-23. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 22 and 23.

24. Denied.

25. In response to paragraph 25, Travelers states that the Association has not sued it, but denies that the Association has any grounds or obligation to do so.

26-27. Denied. Travelers further states that the Complaint, as served upon it, contains no Exhibit E.

28. In response to paragraph 28, Travelers states that it is not a contractor and does not make repairs to property.

29. In response to paragraph 29, Travelers denies any breach of the Policy.

30. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30.

31. Denied.

32. The allegations of paragraph 32 consist of conclusions of law, to which no response is required. To the extent that a response is deemed required, Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32.

33. In response to paragraph 33, Travelers states that the Association has not sued it, but denies that the Association has any grounds or obligation to do so.

34. In response to paragraph 34, Travelers states that the Association has not sued it, but denies that the Association has any grounds or obligation to do so.

35. Denied.

**All allegations of the Complaint not specifically admitted above are hereby denied.**

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief may be granted.

2. The Complaint fails to state a basis for an award of punitive damages.

3. Plaintiffs' rights, if any, against Travelers are subject to and limited by the terms of the Policy, including all conditions, exclusions, definitions, deductibles, and limits of liability.

4. Plaintiffs' claims are barred to the extent that they lack standing to sue Travelers.

5. Plaintiffs' claims are barred by payment to the extent of all payments made by Travelers under the Policy.

6. Travelers reserves the right to amend or supplement its defenses as additional facts become known.

Respectfully submitted,

    /s/ *Steven M. Klepper*
Geoffrey H. Genth, Bar No. MD 08735
Steven M. Klepper, Bar No. MD 26664
KRAMON & GRAHAM, P.A.
One South Street, Suite 2600
Baltimore, Maryland 21202
410.752.6030 (voice)
410.539.1269 (facsimile)
*Attorneys for Defendant The Travelers Indemnity Company of America (incorrectly named as Travelers Insurance Company)*

Dated: April 5, 2007

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of April, 2007, a copy of the foregoing paper was sent by first-class mail, postage prepaid, to:

> Edward L. Pugh II, Esquire
> LOEWINGER & BRAND, PLLC
> 471 H Street, N.W.
> Washington, D.C. 20001
>
> Jeffrey M. Hamberger, Esquire
> Kass, Mitek & Kass, PLLC
> 1050 17th St. N.W., Suite 1100
> Washington, DC 20036-5596

                              /s/ *Steven M. Klepper*
                    Steven M. Klepper, Bar No. MD 26664