## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

GRACE DAUGHTRIDGE )
625 G Street, SW )
Washington, DC 20024 )
)
And )
)
BETTY J. DAUGHTRIDGE )
625 G Street, SW )
Washington, DC 20024 )
)
)
Plaintiff, )           CASE NUMBER: 07-0628 (PLF)
)
v. )
)
CARROLLSBURG SQUARE )
CONDOMINIUM ASSOCIATION, Inc. )
SERVE: )
Benny L. Kass, Registered Agent )
1050 17th Street, NW )
Washington, DC 20036 )
)
And )
)
TRAVELERS INDEMNITY COMPANY )
OF AMERICA )
SERVE: )
Registered Agent )
1090 Vermont Ave. NW )
Washington, DC 2005 )
AND )
CT Corporation Systems )
1015 15th Street, NW )
Washington, DC 20005 )

### PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S PETITION FOR REMOVAL

COMES NOW, Plaintiffs, by and through Counsel, pursuant to 28 U.S.C. §1446(c), in

response to Defendant Travelers Indemnity Company of America's Notice of Removal

(hereinafter Petition of Removal) and hereby respectfully requests that this Honorable Court

dismiss Defendant's Petition for Removal. A Memorandum of Points and Authorities in

support of said motion is attached hereto and incorporated by reference herein.

Respectfully Submitted,

Kenneth J. Loewinger, #454520
Loewinger & Brand, PLLC
471 H Street, NW
Washington, DC 20001
*Counsel for Plaintiffs*
kloewinger@loewinger-brand.net

I HEREBY CERTIFY, that a copy of the foregoing Plaintiff's Motion to Dismiss Defendant's Petition for Removal, Memorandum of Points and Authorities in support thereof, and Proposed Order were mailed, first class, postage prepaid, on this ___*20*___ day of April, 2007, to the following:

Geoffrey H. Genth, Esq.
Steven M. Klepper, Esq.
Kramon & Graham, P.A.
One South Street, Suite 2600
Baltimore, Maryland 21202
*Counsel for Defendant Travellers*

Jeffrey M. Hamberger, Esq.
Kass, Mitek & Kass, PLLC
1050 17th Street, N.W.
Suite 1100
Washington, D.C. 20036
*Counsel for Defendant Association*

Kenneth J. Loewinger #34520
Loewinger & Brand, PLLC
471 H Street, NW
Washington, DC 20001
Kloewinger@loewinger-brand.net
(202) 789-2382
*Counsel for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| GRACE DAUGHTRIDGE<br>625 G Street, SW<br>Washington, DC 20024<br><br>And<br><br>BETTY J. DAUGHTRIDGE<br>625 G Street, SW<br>Washington, DC 20024<br><br><br>Plaintiff,<br><br>v.<br><br>CARROLLSBURG SQUARE<br>CONDOMINIUM ASSOCIATION, Inc.<br>SERVE:<br>Benny L. Kass, Registered Agent<br>1050 17th Street, NW<br>Washington, DC 20036<br><br>And<br><br>TRAVELERS INDEMNITY COMPANY<br>OF AMERICA<br>SERVE:<br>Registered Agent<br>1090 Vermont Ave. NW<br>Washington, DC 2005<br>AND<br>CT Corporation Systems<br>1015 15th Street, NW<br>Washington, DC 20005 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     CASE NUMBER: 07-0628 (PLF)<br>)<br>)<br>) |

# PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF PLAINTIFF'S MOTION
## TO DISMISS DEFENDANT'S PETITION FOR REMOVAL

COMES NOW, Kenneth J. Loewinger, Counsel for Plaintiffs, and hereby submits this Memorandum of Points and Authorities in support of Plaintiff's Motion to Dismiss Defendant's Notice of Removal (hereinafter Petition for Removal).   In support thereof, Plaintiff states as follows:

## RELEVANT FACTS

1. Plaintiffs own real property located at 1257 Delaware Ave., SW, Washington, DC, lot 2056, square 0546 (hereinafter the Property). *See* Exhibit A.

2. Carrollsburg Condominium Association, Inc. (hereinafter Association), is a corporation charged with its statutory duties under the District of Columbia Condominium Act.

3. Travellers Insurance Company, Inc., (hereinafter Defendant), is a corporation writing fire and casualty insurance policies in relation to the Property.

4. The Association is operating under §42-1903 et seq. of the District of Columbia Condominium Act and pursuant to its By-Laws and Articles of Incorporation has a duty to insure that the premises and limited common elements under its control are insured and capable of being reconstructed in the event of a loss by fire.

5. The Association placed an active insurance policy, written by Defendant, on the Property.

6. The insurance policy placed by the Association is held for the benefit of, and as trustee for, the Plaintiffs, among other owners. *See* Exhibit B.

LOEWINGER & BRAND, PLLC
471 H Street, N.W.
Washington, D.C. 20001
(202) 789-2382

7. On March 19, 2004, the dwelling on the property was damaged and partially destroyed by fire.

8. Plaintiffs gave notice to the Association and Defendant that the damage was insured under the policy.

9. Plaintiff's estimated total reconstruction cost to restore the insured property is approximately $141,486.00 as of 2004. Said estimate will be more costly at present due to inflation.

10. Defendant offered approximately $90,000.00 in coverage, said offer being refused by the Plaintiff as insufficient.

11. Plaintiffs then filed suit against the Association for their failure to timely seek a cause of action against Defendant, failure to properly adjust loss, and failure to adequately insure the Property. Plaintiff's also allege these actions to constitute a breach of the Condominium agreement with the Plaintiff's and the statutory duties charged unto the Association through the District of Columbia Condominium Act.

12. Plaintiffs likewise filed suit against the Defendant for refusing to recompense Plaintiffs for their loss in breach of the contract to insure. Said cause of action being incorporated by reference. *See* Exhibit C.

13. Defendant filed a Notice of Removal under 28 U.S.C. 1446(d). *See* Exhibit D.

14. Defendant filed an Answer to the Complaint on April 5, 2007, said Answer being incorporated by reference. *See* Exhibit E.

15. In the Answer, Defendant avers that the attached insurance policy is not representative of the Policy issued to the Association in effect on the date of the fire, as well as denies that their actions constitute a breach of contract.

16. The Defendant likewise avers that their proposed settlement price of $90,000.00 was a reasonable valuation agreed to by the Association under the Policy.

17. Plaintiff's Cause of Action states Property damage in excess of that valued by the Association and Defendant.

18. By virtue of the Complaint and Defendant's Answer, assuming the allegations of Defendant to be true, the claims against the Association for failing to adequately insure the property survive such a settlement with the Defendant and on their face are colorable claims within the District of Columbia.

19. By virtue of the Complaint and the Defendant's Answer, assuming the allegations of Defendant to be true, the claims against the Association for breach of their Condominium Agreement, and violation of their duties under the District of Columbia Code survive such a settlement with the Defendant, and on their face are colorable claims within the District of Columbia.

DISCUSSION

Defendant raises two allegations to buttress their claim that the pendant action meets the requirements for removal pursuant to 28 U.S.C. §1441(c) by way of 28 U.S.C. §1332. The first allegation is of fraudulent joinder, and states that the Cause of Action against the Association cannot/does not "state a claim for relief against the Association under District of Columbia law and/or [Plaintiff's] do not intend to secure a judgment against the Association." The second allegation is that the "Association is deemed a co-plaintiff for the purposes of diversity jurisdiction." Plaintiff avers that both of Defendant's contentions are completely without merit, fail to meet the burden established to achieve diversity, and as a result said

Petition for Removal should be denied and Plaintiff's be reimbursed reasonable costs and attorney's fees in objecting said Petition.

Defendant's have not adequately pled fraudulent joinder

In the District of Columbia circuit, to successfully assert fraudulent joinder, the Defendant "must show either that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court: or that there has been outright fraud in the plaintiff's pleadings of jurisdictional fact."[1]  In considering a claim of this nature, "[t]here is a heavy burden on a defendant claiming fraudulent joinder, and courts are required to resolve all disputed issues of fact and law in favor of the plaintiff."[2]  As a result, the claimant must "show that the plaintiff has 'no possibility of a right to relief."[3]

Defendant's allegation of fraudulent joinder consists of only one conclusory sentence whereby it is stated that Plaintiff's cannot state a claim for relief against the Association and/or do not intend to secure a judgment from said Association.  This argument completely disregards Plaintiff's cause of action against the Association for breaching their obligations under the Condominium agreement, as well as the allegation that the Association is in violation of D.C. Code §42-1903.  The sufficiency of these allegations are in excess of requirement of pleading a possibility of a right to relief, moreover, such allegations are given more weight when construing the disputed issues of fact and law in favor of the Plaintiff.  The Association is a necessary party for relief.

Furthermore, in the course of said litigation, the Defendant's have provided an answer whereby they deny that Exhibit B to the Complaint represents the Policy issued, and deny the

---

[1] Lois Walker Brown, et al. v. Brown & Williamson, et al., 26 F Supp 2d 74, 77-78 (D.D.C. 1998).
[2] Id. at 77.
[3] Id.

allegation of breach of the insurance policy.   Assuming arguendo that the complaint fails to

establish the possibility of a cause of action against the Association, the ultimate issue in the

is the responsibility to recompense damage to Plaintiffs property, and as a result the

Defendant's responsive pleading denying this responsibility would further establish the cause

of action against the Association for failing to adequately insure the property.   As a result

there is no fraudulent joinder in this matter, not only because Plaintiff asserts colorable claims

against the Association, but also by the volition of Defendant's Answer which would buttress

questions as to whether or not the Association adequately insured the property.   Moreover,

Plaintiff asked the Association to cede the policy to Plaintiff and the Association declined,

then the Plaintiff's had to join the Association, and far from fraudulently joining Defendant

Association, Plaintiff's sought there cooperation and were denied.

<u>Realignment of the parties does not create diversity jurisdiction</u>

Defendant likewise asserts that for the purposes of diversity jurisdiction, the

Association would be deemed a Co-Plaintiff.   Supreme Court precedent establishes as

follows:

> "Diversity jurisdiction cannot be conferred upon the federal courts by the
> parties' own determination of who are plaintiffs and who are defendants.
> It is our duty… to look beyond the pleadings and arrange the parties
> according to their sides in the dispute…Whether the necessary collision of
> interests exists, is therefore not to be determined by mechanical rules.   It
> must be ascertained from the principal purpose of the suit and the primary
> and controlling matter in dispute."[4]

From this precedent there was the development of two tests.   The first, the substantial

controversy test, would find that if a substantial conflict separates the opposing parties, the

Court will not realign them to confer diversity jurisdiction.   The second, the principal purpose

---

[4] <u>City of Indianapolis v. Chase Nat'l Bank</u>, 314 U.S. 63, 69 (1941).

test, determines the primary issue in the controversy and then aligns the parties according to that controversy to determine whether there is complete diversity.

The District of Columbia follows the substantial controversy test. In interpreting the precedent of City of Indianapolis, the Courts will determine the attitude of the parties toward the actual and substantial controversy. In so doing, it is recognized that the doctrine of realignment "requires a nominal defendant to be treated as a plaintiff for the purpose of defining the real controversy."[5] In the current situation the controversy involves the responsibility for reimbursement for the damages incurred to the Property, as well as damages incurred due to a failure to timely recompense damage to the Property. In pursuit of a remedy for this claim, the Plaintiff's have asked for damages from the Association for failing to timely adjust the loss and/or failing to place proper coverage on the Property. As a result, the issue is not merely one of suing the Association as a nominal/relief Defendant solely in their capacity as the insured on the policy; it is also a cause of action against said Association for failure to perform both their contractual and statutory duties. This establishes a substantial conflict between the Association and the Plaintiff's. The Association is not merely a nominal defendant in the matter, therefore under the substantial controversy test, diversity jurisdiction is not conferred upon realignment.

Defendant's have cited to the precedent of the 7th Circuit in United States Fidelity and Guaranty Company v. A & S Manufacturing Company[6] to suggest that realignment would result in diversity jurisdiction. However, reliance upon this precedent would demand a conclusion opposite of that averred by Defendants. In the US Fidelity case, the Court interpreted City of Indianapolis, and in so doing, found as follows:

---

[5] Saylab v. Hartford Mutual Ins. Co., 271 F Supp 2d 112, 116 (D.D.C. 2003).
[6] United States Fidelity and Guaranty Company v. A&S Manufacturing Company Inc. et al, 48 F3d 131 (4th Cir 1995).

The substantial controversy test allows parties to easily manipulate diversity jurisdiction. In many multiple party suits, some hypothetical adversity between diverse parties can be claimed as giving rise to a substantial controversy. Thus, the substantial controversy test allows diversity jurisdiction in a broad range of cases, limited only by ...creative pleading."[7]

The Court then continued to find that the principal purpose standard comports with "the mandate that courts <u>carefully confine</u> their diversity jurisdiction to the precise limits that the jurisdictional statute...has defined."[8] (*emphasis supplied*) Interestingly enough, reliance on the precedent cited by Defendants would suggest application of the principle purpose standard to determine whether or not there is diversity. As well as a more conservative approach to the grant of diversity jurisdiction.

Application of the principal purpose standard would provide the first step of analysis to determine the primary issue of the controversy. Secondly, the Court should "align the parties according to their positions with respect to the primary issue."[9] In the current matter the primary issue is responsibility for recompensing damage incurred on the property, and damage from delay. In aligning the three parties status on this issue there has been no realignment which would suggest that the Association should be treated as a co Plaintiff for the above stated reasons. Both the Association and the Defendant are alleged responsibility for the damages, the Defendant based upon an insurance policy, and the Association based upon both contractual and statutory duty. The allegations against the

---

[7] <u>Id</u>. at 133.
[8] <u>Id</u>.
[9] <u>Id</u>. at 133

Association are distinct, and disputes regarding distribution of liability between

the defendants is secondary to and subsumed by the primary controversy.[10]

<u>Defendants should recompense costs and expenses incurred from the petition for removal</u>

In deciding to remand to state court, pursuant to 28 U.S.C. §1447(c), the court may impose "payment of just costs and any actual expenses, including reasonable attorney fees, incurred as a result of removal." In determining whether or not imposition of costs is appropriate, District of Columbia District Courts have found that "[a] relevant factor for imposing costs and expenses is whether the removing party contradicts well-settled law in attempting to remove the case to federal court." Likewise, "[i]f non-removability is obvious or contrary to well-settled law, courts regularly impose costs and expenses incurred as a result of the removal."

At present, Defendant's attempt to remove this case consisted of one sentence conclusory statements which are rebuffed by responsive pleadings submitted by them days later. In making the allegations Defendant's were very much contradicting well-settled law, not only on the standard of their pleading, but likewise in proposing both fraudulent joinder and realignment. In the actual pleading, Defendants failed to provide any application of the facts to the law which was cited, nor did they provide any other basis outside of their own statement of allegation, to meet the burden which is necessary to attain diversity

---

[10] "The dispute among insurers is secondary to whether the insurers are liable....The insurers share the primary goal of avoiding obligations to A&S and the district court properly realigned them as plaintiff's opposite the defendant." <u>Id.</u> at 134.

jurisdiction. Moreover, application of the law contained in the case which was propounded by them still resulted in a finding of a lack of diversity.

In contradicting well settled law, the Plaintiff's have had to expend more time, money, and energy in their efforts to secure a remedy for the damage they have suffered. Said costs were incurred in defending a petition which on its face has practically no merit. As a result, Plaintiff's respectfully request an Order whereby Plaintiffs are reimbursed just costs and expenses, including reasonable attorney's fees, incurred in opposing such a petition.

Wherefore, for these foregoing reasons, Plaintiff Respectfully Requests that the foregoing motion be granted.

Respectfully Submitted,

Kenneth J. Loewinger #34520
Loewinger & Brand, PLLC
471 H Street, NW
Washington, DC 20001
Kloewinger@loewinger-brand.net
(202) 789-2382
*Counsel for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

GRACE DAUGHTRIDGE )
625 G Street, SW )
Washington, DC 20024 )
)
And )
)
BETTY J. DAUGHTRIDGE )
625 G Street, SW )
Washington, DC 20024 )
)
)
Plaintiff, )
)
v. )     CASE NUMBER: 07-0628 (PLF)
)
CARROLLSBURG SQUARE )
CONDOMINIUM ASSOCIATION, Inc. )
SERVE: )
Benny L. Kass, Registered Agent )
1050 17th Street, NW )
Washington, DC 20036 )
)
And )
)
TRAVELERS INDEMNITY COMPANY )
OF AMERICA )
SERVE: )
Registered Agent )
1090 Vermont Ave. NW )
Washington, DC 2005 )
AND )
CT Corporation Systems )
1015 15th Street, NW )
Washington, DC 20005 )

## ORDER

Upon consideration of Plaintiff's Motion to Dismiss Defendant's Petition for

Removal, and the Points and Authorities in support thereof, (and lack of opposition) it is

hereby:

**ORDERED** on this _____ day of _____, 2007, that Notice of Remand is hereby

dismissed; and it is further

**ORDERED** that the Defendants shall reimburse just costs and actual expenses,

including attorney fees, incurred as a result of said Petition for Removal.

So Ordered,

_____
Judge Paul L. Friedman

Copies to:

Kenneth J. Loewinger, Esq.
471 H Street, NW
Washington, D.C. 20001
*Counsel for Plaintiffs*

Geoffrey H. Genth
Steven M. Klepper
Kramon & Graham, P.A.
One South Street, Suite 2600
Baltimore, Maryland 21202
*Counsel for Defendant Travellers*

Jeffrey M. Hamberger, Esq.
Kass, Mitek & Kass, PLLC
1050 17th Street, N.W.
Suite 1100
Washington, D.C. 20036
*Counsel for Defendant Association*

LOEWINGER & BRAND,
PLLC
471 H Street, N.W.
Washington, D.C. 20001
(202) 789-2382

**THIS DEED**, made this 21st day of, February, 2003, by and between Betty J. Daughtridge, individually and as the Personal Representative of the Estate of Robert W. Daughtridge, who died without a will on March 25, 2002, and whose estate was administered in the Superior Court of the District of Columbia as Administration No. 1224-02 , party of the first part,

and

Betty J. Daughtridge and Grace Elizabeth Daughtridge, parties of the second part:

**WITNESSETH**, that in consideration of the Qualified Disclaimer of Betty J. Daughtridge as to her survivorship interest dated December 17, 2002, and the Qualified Disclaimer of Sarah Ellen Daughtridge, as to her intestate share, dated December 17, 2002, both filed in the Office of the Register of Wills, D. C. in Administration No. 1224-02 on December 20, 2002, and other good and valuable consideration, the party of the first part does hereby give, grant, remise, release and forever quitclaim unto the parties of the second part, in fee simple, as tenants in common, all that piece or parcel of land, together with the improvements, rights, privileges and appurtenances to the same belonging, situate in the District of Columbia, described as follows, to-wit:

> Part of Lot 316, Square 546 in the subdivision made by the District of Columbia Redevelopment Land Agency, as per plat recorded in Liber 144, folio 73 of the Records of the Office of the Surveyor of the District of Columbia, being more particularly designated as Condominium Unit 56 in the Carrollsburg Square Condominium, Share Interest .908 according to the Declaration of Condominium thereof dated January 9, 1967 and recorded January 9, 1967 as Instrument No. 459 and as amended by First Amendment to Declaration of Condominium dated May 2, 1967 and recorded May 4, 1967 as Instrumetn No. 9291 among the Land Records of the District of Columbia as per Plat of Condominium Subdivision dated December 30, 1966 and recorded January 6, 1967 in Condominium Book 1 Page 6 of said Surveyor's Office Records.
>
> Subject to the easement and conditions of record.
> TAXED AS LOT 2056 IN SQUARE 546.
>
> and further described as 1257 Delaware Avenue, SW.

together with all and singular the improvements, ways, easements, rights, privileges and appurtenances to the same belonging, or in any way appertaining, and all the estate right, title, interest and claim, either at law or in equity, or otherwise, of the parties of the first part of, in, to or out of the said land and premises.

**WITNESS** our hand and seal the day and year hereinbefore written.

_____(SEAL)
Betty J. Daughtridge, Individually

_____(SEAL)
Betty J. Daughtridge, Personal Representative
Estate of Robert W. Daughtridge, Deceased


PLAINTIFF'S
EXHIBIT

District of Columbia, SS:

I, William E. Davis, a Notary Public in and for the jurisdiction aforesaid do HEREBY CERTIFY that Betty J. Daughtridge, Individually and as Personal Representative of the Estate of Robert W. Daughtridge, party to and who is personally well known to me as the person who executed the foregoing and annexed Deed bearing date on the 21st day of February, A.D. 2003, personally appeared before me in said District of Columbia and acknowledged the same to be her act and deed.

GIVEN under my hand and seal, this 25th day of February, A.D. 2003.

                                          NOTARY PUBLIC

My commission expires .
        My Commission Expires April 30, 2003

AFTER RECORDING, RETURN TO:

                William E. Davis, Esq.
                Ross, Marsh & Foster
                2001 L Street, NW, Suite 400
                Washington, D.C.  20036

Doc# 2003025281
Book:
Pages:   —
Filed & Recorded
  02/26/2003  02:02:35 PM
LARRY TODD
RECORDER OF DEEDS
WASHINGTON D.C. RECORDER OF DEEDS
  RECORDING      $      20.00
  SURCHARGE      $       6.50



**Travelers** Property Casualty
A Member of Travelers Group

# CONDOMINIUM PAC

## A Custom Insurance Policy Prepared for:

CARROLLSBURG SQUARE CONDO.
4301 CONNECTICUT AVE NW #132

WASHINGTON                    DC   20008

Presented by:  J E RICE INS AGCY

PLAINTIFF
EXHIBIT

B

**Travelers**Property Casualty
*A Member of TravelersGroup*

One Tower Square, Hartford, Connecticut 06183

RENEWAL CERTIFICATE

**COMMON POLICY DECLARATIONS**
CONDOMINIUM PAC
**BUSINESS: CONDOMINIUMS**

**POLICY NO.:** I-680-584H8258-TIA-03
**ISSUE DATE:** 11-25-02

1. **NAMED INSURED AND MAILING ADDRESS:**

   CARROLLSBURG SQUARE CONDO.
   4301 CONNECTICUT AVE NW #132

   WASHINGTON                    DC  20008

2. **POLICY PERIOD:** From  01-01-03  to  01-01-04   12:01 A.M. Standard Time at your mailing address.

3. **LOCATIONS:**

   | PREM. NO. | BLDG. NO. | OCCUPANCY | ADDRESS (same as Mailing Address unless specified otherwise) |
   |---|---|---|---|

   SEE IL T0 20 01 89

4. **COVERAGE PARTS AND SUPPLEMENTS FORMING PART OF THIS POLICY AND INSURING COMPANIES:**

   | COVERAGE PARTS AND SUPPLEMENTS | INSURING COMPANY |
   |---|---|
   | Businessowners Coverage Part | TIA |

5. The COMPLETE POLICY consists of this declarations and all other declarations, and the forms and endorsements for which symbol numbers are attached on a separate listing.

6. **SUPPLEMENTAL POLICIES:**  Each of the following is a separate policy containing its complete provisions.

   | POLICY | POLICY NUMBER | INSURING COMPANY |
   |---|---|---|

   DIRECT BILL

7. **PREMIUM SUMMARY:**

   | | | |
   |---|---|---|
   | Provisional Premium | $ | 23,835.00 |
   | Due at Inception | $ | |
   | Due at Each | $ | |

NAME AND ADDRESS OF AGENT OR BROKER

COUNTERSIGNED BY:

J E RICE INS AGCY          HF575
3140 WEST WARD RD STE 105
DUNKIRK              MD  20754

_____
Authorized Representative

DATE: _____

**IL T0 25 08 01**  (Page 1 of 01)
Office: CHANTILLY/WASHDC    DOWN

POLICY NUMBER: I-680-584H8258-TIA-03

EFFECTIVE DATE: 01-01-03

ISSUE DATE: 11-25-02

LISTING OF FORMS, ENDORSEMENTS AND SCHEDULE NUMBERS

THIS LISTING SHOWS THE NUMBER OF FORMS, SCHEDULES AND ENDORSEMENTS
BY LINE OF BUSINESS.

```
 * IL T0 25 08 01    RENEWAL CERTIFICATE
 * IL T8 01 01 01    FORMS, ENDORSEMENTS AND SCHEDULE NUMBERS
   IL T3 15 12 94    COMMON POLICY CONDITIONS
 * IL T0 20 01 89    ADDITIONAL LOCATIONS
```

BUSINESSOWNERS

```
 * MP T0 01 09 98    BUSINESSOWNERS COVERAGE PART DEC
   MP T1 02 01 00    BUSINESSOWNERS PROPERTY COV-SPEC FORM
   MP T1 03 01 00    AMENDATORY PROVISIONS-CONDOMINIUM
 * CP 14 10 07 88    ADDITIONAL COVERED PROPERTY
 * CP T3 09 06 95    REPLACEMENT COST PLUS
 * MP T3 06 06 97    SEWER OR DRAIN BACKUP EXTENSION
 * MP T1 35 10 91    ORDINANCE OR LAW COVERAGE
 * MP T1 55 01 00    AMEND EMPLOYEE DISHONESTY LIMIT
 * MP T1 72 08 96    CAUSES OF LOSS-BROAD FORM FLOOD
   MP T3 20 01 00    BROADENED WIND COVERAGE
 * MP T3 23 05 02    FUNGUS,ROT,BACTERIA CHANGES
   MP T9 70 01 00    TRAVELERS POWER-PAC ENDORSEMENT
```

COMMERCIAL GENERAL LIABILITY

```
   CG T0 34 10 93    TABLE OF CONTENTS
   CG 00 01 10 93    COMMERCIAL GENERAL LIABILITY COV FORM
 * CG D2 37 01 01    EXCLUSION-REAL ESTATE DEV ACTIVITIES
   CG 00 57 09 99    AMENDMENT OF INSURING AGRMNT-KNOWN INJ
   CG D0 37 01 99    OTHER INSURANCE-ADDITIONAL INSUREDS
   CG D1 86 09 99    XTEND ENDORSEMENT
   CG D1 94 11 97    CHGS IN COMMERCIAL GENERAL LIAB COV FORM
 * CG D2 03 12 97    AMEND-NON CUMULATION OF EACH OCC
 * CG D2 34 02 01    WEB XTEND - LIABILITY
 * MP T1 25 01 00    HIRED AUTO AND NON-OWNED AUTO LIAB
 * CG D2 43 01 02    FUNGI OR BACTERIA EXCLUSION
   CG 21 47 10 93    EMPLOYMENT-RELATED PRACTICES EXCLUSION
   CG D0 76 06 93    EXCLUSION-LEAD
   CG D1 42 01 99    EXCLUSION-DISCRIMINATION
   CG D1 92 08 97    AMEND POLL EXCL-EXCEPT BLDG HEAT EQUIP
 * CG D2 42 01 02    EXCLUSION WAR
   CG T4 78 02 90    EXCLUSION-ASBESTOS
   CG T3 33 12 88    LIMIT WHEN TWO OR MORE POLICIES APPLY
```

* TEXT IN THIS FORM HAS CHANGED, OR THE FORM WAS NOT ON POLICY BEFORE.

POLICY NUMBER: I-680-584H8258-TIA-03

EFFECTIVE DATE: 01-01-03

ISSUE DATE: 11-25-02

CRIME

  * CR 10 19 10 90   INCLUDE SPECIFIED DIRECTORS OR TRUSTREES
  * CR 10 26 10 90   INCLUDE NON-COMPENSATED OFFICERS

INTERLINE ENDORSEMENTS

  IL 00 21 04 98   NUCLEAR ENERGY LIABILITY EXCLUSION
  IL 02 78 04 98   DC CHANGES - CANCELLATION AND NONRENEWAL
  IL T3 53 04 98   EXCL CERTAIN COMPUTER-RELATED LOSSES

* TEXT IN THIS FORM HAS CHANGED, OR THE FORM WAS NOT ON POLICY BEFORE.

One Tower Square, Hartford, Connecticut  06183

**Travelers** Property Casualty
A Member of TravelersGroup

ADDITIONAL LOCATIONS
CONDOMINIUM PAC

POLICY NO.:  I-680-584H8258-TIA-03
ISSUE DATE: 11-25-02

THIS SCHEDULE OF LOCATIONS AND BUILDINGS APPLIES
TO THE COMMON DECLARATIONS FOR THE PERIOD

01-01-03  to  01-01-04

| LOC. NO. | BLDG. NO. | OCCUPANCY | ADDRESS | | |
|---|---|---|---|---|---|
| 01 | 01 | CONDOMINIUMS | 320-342 M STREET, S.W. | WASHINGTON | DC 20024 |
| 02 | 01 | CONDOMINIUMS | 250-264 M STREET SW | WASHINGTON | DC 20024 |
| 03 | 01 | CONDOMINIUMS | 200-218 M STREET SW | WASHINGTON | DC 20024 |
| 04 | 01 | CONDOMINIUMS | 218-236 M STREET, SW | WASHINGTON | DC 20024 |
| 05 | 01 | CONDOMINIUMS | 375-397 M STREET SW | WASHINGTON | DC 20024 |
| 06 | 01 | CONDOMINIUMS | 1220-1236 4TH STREET SW | WASHINGTON | DC 20024 |
| 07 | 01 | CONDOMINIUMS | 301-321 N STREET SW | WASHINGTON | DC 20024 |
| 08 | 01 | CONDOMINIUMS | 1289-1299 DELAWARE AVE | WASHINGTON | DC 20024 |
| 09 | 01 | CONDOMINIUMS | 1275-1287 DELAWARE AVE | WASHINGTON | DC 20024 |
| 10 | 01 | CONDOMINIUMS | 1267-1273 DELAWARE AVE. | WASHINGTON | DC 20024 |
| 11 | 01 | CONDOMINIUMS | 1245-1265 DELAWARE AVE. | WASHINGTON | DC 20024 |
| 12 | 01 | CONDOMINIUMS | 1233-1243 DELAWARE AVE. | WASHINGTON | DC 20024 |

IL T0 20 01 89

Travelers Property Casualty
A Member of Travelers Group

One Tower Square, Hartford, Connecticut 06183

**BUSINESSOWNERS COVERAGE PART DECLARATIONS**

CONDOMINIUM PAC
DELUXE PLAN

POLICY NO.: I-680-584H8258-TIA-03
ISSUE DATE: 11-25-02

**DECLARATIONS PERIOD:** From 01-01-03 to 01-01-04 12:01 A.M. Standard Time at your mailing address.

**FORM OF BUSINESS:** CONDO. ASSOC.

**COVERAGES AND LIMITS OF INSURANCE:** Insurance applies only to an item for which a "limit" or the word "INCLUDED" is shown.

| BUSINESSOWNERS PROPERTY COVERAGE: | PREM. NO. | BLDG. NO. | PREM. NO. | BLDG. NO. |
|---|---|---|---|---|
| | 01 | 01 | 02 | 01 |
| **BUILDINGS:** | | | | |
| Limit of Insurance: | $ | 1,108,000 | $ | 769,000 |
| Loss Adjustment Basis: | | RCP | | RCP |
| Inflation Guard: | | | | |
| Exterior Building Glass Deductible: | $ | 250 | $ | 250 |
| **BUSINESS PERSONAL PROPERTY:** | | | | |
| Limit of Insurance: | $ | | $ | |
| Loss Adjustment Basis: | | | | |
| Inflation Guard: | | | | |
| Exterior Building Glass: | | | | |
| Exterior Building Glass Deductible: | $ | | $ | |

**BUSINESS INCOME:** Limit-Actual loss up to 12 Consecutive Months

**DEDUCTIBLE AMOUNT:** Businessowners Property Coverage: $ 2,500 Per Occurrence.

**COMMERCIAL GENERAL LIABILITY COVERAGE–**

| OCCURRENCE FORM | LIMITS OF INSURANCE | |
|---|---|---|
| General Aggregate (except Products–Completed Operations) Limit | $ | 2,000,000 |
| Products–Completed Operations Aggregate Limit | $ | 2,000,000 |
| Personal and Advertising Injury Limit | $ | 1,000,000 |
| Each Occurrence Limit | $ | 1,000,000 |
| Fire Damage Limit (any one fire) | $ | 300,000 |
| Medical Payments Limit (any one person) | $ | 5,000 |

**MORTGAGE HOLDER–BUILDING COVERAGE ONLY:**

**SPECIAL PROVISIONS:**

# COMMERCIAL GENERAL LIABILITY COVERAGE IS SUBJECT TO A GENERAL AGGREGATE LIMIT

**MP T0 01 09 98** (Page 1 of 03)



One Tower Square, Hartford, Connecticut  06183

**BUSINESSOWNERS COVERAGE PART SUPPLEMENTAL DECLARATIONS**

CONDOMINIUM PAC                          POLICY NO.:  I-680-584H8258-TIA-03
DELUXE PLAN                              ISSUE DATE:  11-25-02

**PROPERTY COVERAGE LIMITS OF INSURANCE:** Insurance applies only to an item for which a "limit" or the word "INCLUDED" is shown.

| | PREM. NO. | BLDG. NO. | PREM. NO. | BLDG. NO. |
|---|---|---|---|---|
| | 03 | 01 | 04 | 01 |
| **BUILDINGS:** | | | | |
| Limit of Insurance: | $ 943,000 | | $ 857,000 | |
| Loss Adjustment Basis: | | RCP | | RCP |
| Inflation Guard: | | | | |
| Exterior Building Glass Deductible: | $ | 250 | $ | 250 |
| | | | | |
| **BUSINESS PERSONAL PROPERTY:** | | | | |
| Limit of Insurance: | $ | | $ | |
| Loss Adjustment Basis: | | | | |
| Inflation Guard: | | | | |
| Exterior Building Glass: | $ | | $ | |
| Exterior Building Glass Deductible: | $ | | $ | |

| | PREM. NO. | BLDG. NO. | PREM. NO. | BLDG. NO. |
|---|---|---|---|---|
| | 05 | 01 | 06 | 01 |
| **BUILDINGS:** | | | | |
| Limit of Insurance: | $ 1,108,000 | | $ 857,000 | |
| Loss Adjustment Basis: | | RCP | | RCP |
| Inflation Guard: | | | | |
| Exterior Building Glass Deductible: | $ | 250 | $ | 250 |
| | | | | |
| **BUSINESS PERSONAL PROPERTY:** | | | | |
| Limit of Insurance: | $ | | $ | |
| Loss Adjustment Basis: | | | | |
| Inflation Guard: | | | | |
| Exterior Building Glass: | $ | | $ | |
| Exterior Building Glass Deductible: | $ | | $ | |

| | PREM. NO. | BLDG. NO. | PREM. NO. | BLDG. NO. |
|---|---|---|---|---|
| | 07 | 01 | 08 | 01 |
| **BUILDINGS:** | | | | |
| Limit of Insurance: | $ 1,026,000 | | $ 600,000 | |
| Loss Adjustment Basis: | | RCP | | RCP |
| Inflation Guard: | | | | |
| Exterior Building Glass Deductible: | $ | 250 | $ | 250 |
| | | | | |
| **BUSINESS PERSONAL PROPERTY:** | | | | |
| Limit of Insurance: | $ | | $ | |
| Loss Adjustment Basis: | | | | |
| Inflation Guard: | | | | |
| Exterior Building Glass: | $ | | $ | |
| Exterior Building Glass Deductible: | $ | | $ | |



One Tower Square, Hartford, Connecticut  06183

## BUSINESSOWNERS COVERAGE PART SUPPLEMENTAL DECLARATIONS

CONDOMINIUM PAC
DELUXE PLAN

POLICY NO.: I-680-584H8258-TIA-03
ISSUE DATE: 11-25-02

**PROPERTY COVERAGE LIMITS OF INSURANCE:** Insurance applies only to an item for which a "limit" or the word "INCLUDED" is shown.

| | PREM. NO. | BLDG. NO. | PREM. NO. | BLDG. NO. |
|---|---|---|---|---|
| | 09 | 01 | 10 | 01 |
| **BUILDINGS:** | | | | |
| Limit of Insurance: | $ 687,000 | | $ 419,000 | |
| Loss Adjustment Basis: | | RCP | | RCP |
| Inflation Guard: | | | | |
| Exterior Building Glass Deductible: | $ 250 | | $ 250 | |
| | | | | |
| **BUSINESS PERSONAL PROPERTY:** | | | | |
| Limit of Insurance: | $ | | $ | |
| Loss Adjustment Basis: | | | | |
| Inflation Guard: | | | | |
| Exterior Building Glass: | $ | | $ | |
| Exterior Building Glass Deductible: | $ | | $ | |

| | PREM. NO. | BLDG. NO. | PREM. NO. | BLDG. NO. |
|---|---|---|---|---|
| | 11 | 01 | 12 | 01 |
| **BUILDINGS:** | | | | |
| Limit of Insurance: | $ 1,026,000 | | $ 828,000 | |
| Loss Adjustment Basis: | | RCP | | RCP |
| Inflation Guard: | | | | |
| Exterior Building Glass Deductible: | $ 250 | | $ 250 | |
| | | | | |
| **BUSINESS PERSONAL PROPERTY:** | | | | |
| Limit of Insurance: | $ | | $ | |
| Loss Adjustment Basis: | | | | |
| Inflation Guard: | | | | |
| Exterior Building Glass: | $ | | $ | |
| Exterior Building Glass Deductible: | $ | | $ | |

| | PREM. NO. | BLDG. NO. | PREM. NO. | BLDG. NO. |
|---|---|---|---|---|
| **BUILDINGS:** | | | | |
| Limit of Insurance: | $ | | $ | |
| Loss Adjustment Basis: | | | | |
| Inflation Guard: | | | | |
| Exterior Building Glass Deductible: | $ | | $ | |
| | | | | |
| **BUSINESS PERSONAL PROPERTY:** | | | | |
| Limit of Insurance: | $ | | $ | |
| Loss Adjustment Basis: | | | | |
| Inflation Guard: | | | | |
| Exterior Building Glass: | $ | | $ | |
| Exterior Building Glass Deductible: | $ | | $ | |

MP T0 01 09 98 (Page 03 of 03)

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# ADDITIONAL COVERED PROPERTY

This endorsement modifies insurance provided under the following:

> BUILDING AND PERSONAL PROPERTY COVERAGE FORM
> CONDOMINIUM ASSOCIATION COVERAGE FORM
> CONDOMINIUM COMMERCIAL UNIT--OWNERS COVERAGE FORM
> STANDARD PROPERTY POLICY

The following is withdrawn from PROPERTY NOT COVERED:

**SCHEDULE***

| Prem. No. | Bldg. No. | Paragraph Reference | Description of Property |
|---|---|---|---|
| 01 | 01 | 2N | UNDERGROUND PIPES, FLUES OR DRAINS |

*Information required to complete this Schedule, if not shown on this endorsement, will be shown in the Declarations.

POLICY NUMBER: I-680-584H8258-TIA-03                                    ISSUE DATE: 11-25-02

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# REPLACEMENT COST PLUS

This endorsement modifies insurance provided under the following:

    BUILDING AND PERSONAL PROPERTY COVERAGE FORM
    CONDOMINIUM ASSOCIATION COVERAGE FORM

**A. SCHEDULE**

| Premises Location Number | Building Number | Description of Covered Property– BUILDING to which this endorsement does not apply. |
|---|---|---|
| 01 | 01 | |

**B. PROVISIONS** – The provisions of this endorsement only apply to the buildings stated in the above Schedule. **The Newly Acquired or Constructed Property** Coverage Extension does not apply.

**1. REPLACEMENT COST**

The Replacement Cost Optional Coverage is deleted and the following substituted:

    **a.** Replacement Cost (without deduction for depreciation and regardless of the Limit of Insurance shown in the Declarations)

CP T3 09 06 95                                                                 Page 1 of 2

replaces Actual Cash Value in the Loss Condition, Valuation, of the Coverage Form.

b. You may make a claim for loss or damage covered by this insurance on an actual cash value basis (subject to the Limit of Insurance shown on the Commercial Property Coverage Part Declarations) instead of on a replacement cost basis. In the event you elect to have loss or damage settled on an actual cash value basis, you may still make a claim for the additional coverage this endorsement provides if you notify us of your intent to do so within 180 days after the loss or damage.

c. We will not pay on a replacement cost basis for any loss or damage:

(1) Until the lost or damaged property is actually repaired or replaced; and

(2) Unless the repairs or replacement are made as soon as reasonably possible after the loss or damage.

d. We will not pay more for loss or damage on a replacement cost basis than the least of:

(1) The cost to replace, on the same premises, the lost or damaged property with other property;

(a) Of comparable design, material and quality; and

(b) Used for the same purpose; or

(2) The amount you actually spend that is necessary to repair or replace the lost or damaged property.

e. The Additional Condition, COINSURANCE does not apply to the building(s) indicated in the above SCHEDULE to which this coverage applies.

2. **ADDITIONAL EXCLUSIONS**

We will not pay more for loss or damage due to the enforcement of any ordinance or law:

(1) Regulating the construction, use or repair of any property; or

(2) Requiring the tearing down of any property, including the cost of re-moving its debris.

3. **REPORTING PROVISIONS**

You agree to report to us, within 90 days of the start of construction or acquisition, the full replacement cost of:

a. Additions to or alterations of the above buildings;

b. Personal property owned by you to maintain or service the above building or premises; and

c. Permanently installed fixtures, machinery and equipment.

If you do not do so and the total replacement cost of such unreported items is more than $5,000, any loss occurring thereafter will be adjusted with a penalty equal to the percentage that the total replacement cost of the unreported items bears to the total replacement cost of the building at the time of loss.

4. **PREMIUM ADJUSTMENT**

We will adjust the "Limits of Insurance" for the buildings indicated in the above Schedule (and the corresponding premiums) annually to reflect any increase in construction cost reported to us by a recognized appraisal company.

CP T3 09 06 95

BUSINESSOWNERS
POLICY NUMBER: I-680-584H8258-TIA-03                    ISSUE DATE: 11-25-02

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# SEWER OR DRAIN BACK UP EXTENSION

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE PART

## SCHEDULE

| Prem. No. | Bldg. No. | Prem. No. | Bldg. No. | Prem. No. | Bldg. No. | Prem. No. | Bldg. No. | Prem. No. | Bldg. No. |
|-----------|-----------|-----------|-----------|-----------|-----------|-----------|-----------|-----------|-----------|
| 01 | 01 | 02 | 01 | 03 | 01 | 04 | 01 | 05 | 01 |
| 06 | 01 | 07 | 01 | 08 | 01 | 09 | 01 | 10 | 01 |
| 11 | 01 | 12 | 01 | | | | | | |

The BUSINESSOWNERS PROPERTY COVERAGE SPECIAL FORM is changed to include the following as a Covered Cause of Loss:

We will pay for loss or damage caused by or resulting from water that backs up through a sewer or drain.

1.  The following exclusion is deleted:

    **B.1.g. (3)**   Water that backs up through sewers or drains, except for any resulting insured direct physical loss by water back-up, other than from a septic tank or cesspool, when the cause of the back-up originates on the designated premises.

2.  **PROPERTY DEFINITIONS G.10.c.** is revised as follows:

    c.  Water Damage means:

    **(1)** Accidental discharge or leakage of water or steam as the direct result of the breaking or cracking of any part of a system or appliance containing water or steam; or

    **(2)** water that backs up from a sewer or drain.

MP T3 06 06 97                                                    Page 1 of 1

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# ORDINANCE OR LAW COVERAGE

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS PROPERTY COVERAGE FORM

### SCHEDULE*

| Prem. No. | Bldg. No. | Coverage A Applies: | Demolition Cost Limit of Insurance | Increased Cost of Construction Limit of Insurance |
|---|---|---|---|---|
| 01 | 01 | YES | 56000 | 77000 |
| 02 | 01 | YES | 39000 | 77000 |
| 03 | 01 | YES | 48000 | 95000 |
| 04 | 01 | YES | 43000 | 86000 |
| 05 | 01 | YES | 56000 | 111000 |
| 06 | 01 | YES | 43000 | 86000 |

## A. COVERAGE

1. **Coverage A – Coverage For Loss to the Undamaged Portion of the Building**

   If a Covered Cause of Loss occurs to covered Building property shown in the Schedule above, we will pay for loss to the undamaged portion of the building caused by enforcement of any ordinance or law that:

   a. Requires the demolition of parts of the same property not damaged by a Covered Cause of Loss;

   b. Regulates the construction or repair of buildings, or establishes zoning or land use requirements at the described premises; and

   c. Is in force at the time of loss.

   The Limit of Insurance applicable to Coverage A is included in the Limit of Insurance applicable to the covered Building property stated in the Declarations.

2. **Coverage B – Demolition Cost Coverage**

   If a Covered Cause of Loss occurs to covered Building property and a Demolition Cost Limit of Insurance is shown in the Schedule above, we will pay the cost to demolish and clear the site of undamaged parts of the property caused by enforcement of building, zoning or land use ordinance or law.

3. **Coverage C – Increased Cost of Construction Coverage**

   If a Covered Cause of Loss occurs to covered Building property and an Increased Cost of Construction Limit of Insurance is shown in the Schedule above, we will pay for the increased cost to repair, rebuild or construct the property caused by enforcement of building, zoning or land use ordinance or law.

   If the property is repaired or rebuilt, it must be intended for similar occupancy as the current property, unless otherwise required by zoning or land use ordinance or law.

   However, we will not pay for the increased cost of construction if the building is not replaced.

## B. We will not pay for increased construction costs under this endorsement:

1. Until the property is actually repaired or replaced, at the same premises or elsewhere; and

2. Unless the repairs or replacement are made as soon as reasonably possible after the loss or damage, not to exceed 2 years.

* Information required to complete this Schedule, if not shown in this endorsement, will be shown in the Declarations.

MP T1 35 10 91                                              Page 1 of 2

We may extend this period in writing during the 2 years.

C. If the property is repaired or replaced on the same or another premises we will not pay more:

1. For loss or damage caused by enforcement of any ordinance or law, as described under Coverage A of this endorsement, than the lesser of:

   a. What it would have cost to replace, on the same premises. the damaged or destroyed property with other property:

      (1) Of comparable material and quality;

      (2) Of the same height, floor area and style; and

      (3) Used for the same purpose; or

   b. For all loss or damage in any occurrence, the Limit of Insurance applicable to the covered Building property.

2. For demolition cost than the lesser of:

   a. The amount you actually spend to demolish and clear the site of the described premises; or

   b. The Demolition Cost Limit of Insurance shown in the Schedule above.

3. For increased cost of construction than the lesser of:

   a. The amount you actually spend to repair, rebuild or construct the property but not for more than property of the same height, floor area and style on the same premises; or

   b. (1) For all loss or damage in any one occurrence than the Limit of Insurance applicable to the covered Building property; and

      (2) The Increased Cost of Construction Limit of Insurance shown in the Schedule above.

D. If Replacement Cost Coverage applies and the property is not replaced on the same or another premises, we will not pay more:

1. For loss or damage caused by enforcement of any ordinance or law, as described under Coverage A of this endorsement, than the lesser of:

   a. The actual cash value of the building at the time of loss; or

   b. For all loss or damage in any occurrence. the Limit of Insurance applicable to the covered Building property.

2. For demolition cost than the lesser of:

   a. The amount you actually spend to demolish and clear the site of the described premises; or

   b. The Demolition Cost Limit of Insurance shown in the Schedule above.

E. If the Actual Cash Value Coverage Option applies and the property is or is not replaced on the same or another premises, we will not pay more:

1. For loss or damage caused by enforcement of any ordinance or law, as described under Coverage A of this endorsement, than the lesser of:

   a. The actual cash value of the building at the time of loss; or

   b. For all loss or damage in any occurrence, the Limit of Insurance applicable to the covered Building property.

2. For demolition cost, than the lesser of:

   a. The amount you actually spend to demolish and clear the site of the described premises; or

   b. The Demolition Cost Limit of Insurance shown in the Schedule above.

F. The terms of this endorsement apply separately to each building to which this endorsement applies.

POLICY NUMBER: I-680-584H8258-TIA-03

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# ORDINANCE OR LAW COVERAGE

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS PROPERTY COVERAGE FORM

### SCHEDULE*

| Prem. No. | Bldg. No. | Coverage A Applies: | Demolition Cost Limit of Insurance | Increased Cost of Construction Limit of Insurance |
|---|---|---|---|---|
| 07 | 01 | YES | 52000 | 103000 |
| 08 | 01 | YES | 30000 | 60000 |
| 09 | 01 | YES | 35000 | 69000 |
| 10 | 01 | YES | 21000 | 42000 |
| 11 | 01 | YES | 52000 | 103000 |
| 12 | 01 | YES | 42000 | 83000 |

## A. COVERAGE

1. **Coverage A – Coverage For Loss to the Undamaged Portion of the Building**

   If a Covered Cause of Loss occurs to covered Building property shown in the Schedule above, we will pay for loss to the undamaged portion of the building caused by enforcement of any ordinance or law that:

   a. Requires the demolition of parts of the same property not damaged by a Covered Cause of Loss;

   b. Regulates the construction or repair of buildings, or establishes zoning or land use requirements at the described premises; and

   c. Is in force at the time of loss.

   The Limit of Insurance applicable to Coverage A is included in the Limit of Insurance applicable to the covered Building property stated in the Declarations.

2. **Coverage B – Demolition Cost Coverage**

   If a Covered Cause of Loss occurs to covered Building property and a Demolition Cost Limit of Insurance is shown in the Schedule above, we will pay the cost to demolish and clear the site of undamaged parts of the property caused by enforcement of building, zoning or land use ordinance or law.

3. **Coverage C – Increased Cost of Construction Coverage**

   If a Covered Cause of Loss occurs to covered Building property and an Increased Cost of Construction Limit of Insurance is shown in the Schedule above, we will pay for the increased cost to repair, rebuild or construct the property caused by enforcement of building, zoning or land use ordinance or law.

   If the property is repaired or rebuilt, it must be intended for similar occupancy as the current property, unless otherwise required by zoning or land use ordinance or law.

   However, we will not pay for the increased cost of construction if the building is not replaced.

## B. We will not pay for increased construction costs under this endorsement:

1. Until the property is actually repaired or replaced, at the same premises or elsewhere; and

2. Unless the repairs or replacement are made as soon as reasonably possible after the loss or damage, not to exceed 2 years.

* Information required to complete this Schedule, if not shown in this endorsement, will be shown in the Declarations.

MP T1 35 10 91

We may extend this period in writing during the 2 years.

C. If the property is repaired or replaced on the same or another premises we will not pay more:

1. For loss or damage caused by enforcement of any ordinance or law, as described under Coverage A of this endorsement, than the lesser of:

   a. What it would have cost to replace, on the same premises, the damaged or destroyed property with other property:

      (1) Of comparable material and quality;

      (2) Of the same height, floor area and style; and

      (3) Used for the same purpose; or

   b. For all loss or damage in any occurrence, the Limit of Insurance applicable to the covered Building property.

2. For demolition cost than the lesser of:

   a. The amount you actually spend to demolish and clear the site of the described premises; or

   b. The Demolition Cost Limit of Insurance shown in the Schedule above.

3. For increased cost of construction than the lesser of:

   a. The amount you actually spend to repair, rebuild or construct the property but not for more than property of the same height, floor area and style on the same premises; or

   b. (1) For all loss or damage in any one occurrence than the Limit of Insurance applicable to the covered Building property; and

      (2) The Increased Cost of Construction Limit of Insurance shown in the Schedule above.

D. If Replacement Cost Coverage applies and the property is not replaced on the same or another premises, we will not pay more:

1. For loss or damage caused by enforcement of any ordinance or law, as described under Coverage A of this endorsement, than the lesser of:

   a. The actual cash value of the building at the time of loss; or

   b. For all loss or damage in any occurrence, the Limit of Insurance applicable to the covered Building property.

2. For demolition cost than the lesser of:

   a. The amount you actually spend to demolish and clear the site of the described premises; or

   b. The Demolition Cost Limit of Insurance shown in the Schedule above.

E. If the Actual Cash Value Coverage Option applies and the property is or is not replaced on the same or another premises, we will not pay more:

1. For loss or damage caused by enforcement of any ordinance or law, as described under Coverage A of this endorsement, than the lesser of:

   a. The actual cash value of the building at the time of loss; or

   b. For all loss or damage in any occurrence, the Limit of Insurance applicable to the covered Building property.

2. For demolition cost, than the lesser of:

   a. The amount you actually spend to demolish and clear the site of the described premises; or

   b. The Demolition Cost Limit of Insurance shown in the Schedule above.

F. The terms of this endorsement apply separately to each building to which this endorsement applies.

MP T1 35 10 91

BUSINESSOWNERS
POLICY NUMBER: I-680-584H8258-TIA-03                    ISSUE DATE: 11-25-02

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# AMENDMENT OF EMPLOYEE DISHONESTY
# AND FORGERY OR ALTERATION LIMIT

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE PART

Paragraphs A.6.d.(2) Employee Dishonesty and A.6.h.(2) Forgery or Alteration under Additional Coverages in the BUSINESSOWNERS PROPERTY COVERAGE SPECIAL FORM are replaced by the following:

(2)  The most we will pay for loss or damage in any one occurrence is $   275,000 .

This limit applies separately to the Additional Coverages Employee Dishonesty and Forgery or Alteration.

POLICY NUMBER: I-680-584H8258-TIA-03

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# CAUSES OF LOSS — BROAD FORM FLOOD

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE PART

**A.  SCHEDULE**

| Premises Loc. No. | Bldg. No. | Coverage Symbols | Occurrence Limit | Annual Aggregate Limit | Deductible |
|---|---|---|---|---|---|
| 01 | 01 | 1 | $ 500,000 | $ 500,000 | $ 5,000 |

Deductible: Business Income and Extra Expense - 72 hours.

| Premises Loc. No. | Bldg. No. | Coverage Symbols | Occurrence Limit | Annual Aggregate Limit | Deductible |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

Deductible: Business Income and Extra Expense - 72 hours.

| Premises Loc. No. | Bldg. No. | Coverage Symbols | Occurrence Limit | Annual Aggregate Limit | Deductible |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

Deductible: Business Income and Extra Expense - 72 hours.

**B.  DESCRIPTION OF COVERAGE SYMBOLS**

Coverage(s) to which this endorsement applies are identified by the following symbols:

1. = Building;

2. = Business Personal Property;

3. = Business Income and Extra Expense.

**C.  COVERED CAUSES OF LOSS**

The following modifies:

BUSINESSOWNERS PROPERTY COVERAGE SPECIAL FORM

BUSINESSOWNERS PROPERTY COVERAGE STANDARD FORM

Covered Causes of Loss is changed to include the following Causes of Loss only for the Premises

Location, Building Number(s) and Coverage(s) for which a Coverage Symbol(s) is shown, which are indicated in the above SCHEDULE:

1. Flood, surface water, waves, tides, tidal waves, overflow of any body of water, or their spray, all whether driven by wind or not;

2. Release of water impounded by a dam;

3. Mudslide or mudflow; and

4. Water under the ground surface pressing on, or flowing or seeping through:

   a. Foundations, walls, floors or paved surfaces;

   b. Basements, whether paved or not; or

   c. Doors, windows or their openings.

5.  Backup of sewers and drains.

### D. ADDITIONAL EXCLUSIONS

The following EXCLUSIONS are added as respects coverage provided by this endorsement:

We will not pay under this endorsement for loss or damage caused directly or indirectly by the following, regardless of any other cause or event that contributes concurrently or in any sequence to the loss:

1.  Fire, explosion, or sprinkler leakage; or

2.  Any earth movement, such as an earthquake, landslide or earth sinking, rising or shifting; except mudslide or mudflow which is caused or precipitated by accumulation of water on or below ground.

### E. PROVISIONS THAT DO NOT APPLY TO THIS ENDORSEMENT

The following provisions of forms and endorsements that may be attached to this policy do not apply to this endorsement:

1.  The Additional Condition – Coinsurance;

2.  Deductible; or

3.  Limits of Insurance.

### F. FOUNDATIONS AND EXCAVATIONS

The following provision is added:

Covered Property is changed to include the following when coverage for Building is indicated in the above SCHEDULE for Causes of Loss – Broad Form Flood:

1.  Foundations of buildings, structures, machinery or boilers if their foundations are below the lowest basement floor; or the surface of the ground, if there is no basement; and

2.  Underground pipes, flues and drains.

### G. DEDUCTIBLE

The following provisions are added for coverage to Building and Business Personal Property:

1.  We will not pay for loss or damage in any one occurrence until the total amount of loss or damage for all coverages (unless otherwise stated in the above SCHEDULE) exceeds the Deductible shown in the above SCHEDULE. We will then pay the amount of loss or damage in excess of the Deductible, up to the applicable Limits of Insurance.

2.  When stated in the above SCHEDULE we will not pay for loss or damage in any one occurrence at each premises until the total amount of loss or damage for all coverages at each premises location exceeds the Deductible shown in the above SCHEDULE. We will then pay the amounts of loss or damage in excess of the Deductibles, up to the applicable Limits of Insurance.

3.  The following provision is added for coverage to Business Income and Extra Expense:

When a separate time deductible is stated in the above SCHEDULE the following is applicable to Business Income and Extra Expense Coverages:

We will only pay for loss you sustain after the first number of consecutive hours indicated in the above SCHEDULE after direct physical loss or damage caused by or resulting from flood.

### H. LIMITS OF INSURANCE

The most we will pay for loss caused by any flood is:

1.  The Limit of Insurance in the above SCHEDULE that applies to any one occurrence; or

2.  The Annual Aggregate Limit for all flood losses occurring in any one year commencing with the inception or anniversary date of this endorsement, whichever is less.

3.  If more than one Annual Aggregate Limit applies in any one occurrence, the most we will pay during the policy period is the largest of the Annual Aggregate limits shown.

4.  The Limit of Insurance shown in the SCHEDULE is the most we will pay under this endorsement, even if the loss involves more than one coverage. Amounts payable under any Additional Coverage or Coverage Extension do not increase the Limits of Insurance.

### I. EXCESS OF LOSS LIMITATION

1.  The EXCESS OF LOSS LIMITATION applies to all premises locations situated in a Zone prefixed A or V as designated by the National Flood Insurance Act of 1968 (or any subsequent amendment). We will pay only for the amount of loss in excess of the maximum amount of insurance permitted under the provisions of the National Flood Insurance Act of 1968 (or any subsequent amendment) applicable to the property to which the loss occurs. This provision applies whether or not you

    Copyright, The Travelers Indemnity Company, 1996    MP T1 72 08 96

have purchased or maintained such insur-
ance.

2. This provision does not apply to loss which
cannot be covered under provisions of the
above Act or amendments. If we pay for loss
subject to this provision, the benefit of any
recovery or salvage on such loss is ours to
the extent of our payment.

3. The deductible provisions are in addition to
any applicable Excess of Loss provision.

J. The **"Period of Restoration"** definition is deleted
as respects this endorsement and is replaced with
the following:

"Period of Restoration" means the period of time
that:

1. Begins with the date of direct physical loss or
damage caused by or resulting from any Cov-
ered Cause of Loss at the described prem-
ises; and

2. Ends on the earlier of:

a. The date when the property at the de-
scribed premises should be repaired, re-
built or replaced with reasonable speed
and similar quality; or

b. The date when business is resumed at a
new permanent location.

"Period of restoration" does not include any in-
creased period required due to the enforcement of
any ordinance or law that:

1. Regulates the construction, use or repair or
requires the tearing down of any property; or

2. Requires any insured or others to test for,
monitor, clean up, remove, contain, treat, de-
toxify or neutralize, or in any way respond to,
or assess the effects of "pollutants".

The expiration date of this policy will not cut short
the "period of restoration".

K. **ADDITIONAL CONDITION – CANCELLATION**

We or you may cancel this endorsement as pro-
vided by the Common Policy Conditions without
cancelling the entire Coverage Part.

**IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

GRACE DAUGHTRIDGE                    )
625 G Street. SW                     )
Washington. DC 20024                 )
                                     )
And                                  )
                                     )
BETTY J. DAUGHTRIDGE                 )
625 G Street, SW                     )
Washington, DC 20024                 )
                                     )
                                     )
         Plaintiff,                  )
                                     )
v.                                   )
                                     )
CARROLLSBURG SQUARE                  )
CONDOMINIUM ASSOCIATION, Inc.        )
SERVE:                               )
Benny L. Kass, Registered Agent      )
1050 17th Street, NW                 )
Washington, DC 20036                 )
                                     )
And                                  )
                                     )
TRAVELERS INSURANCE COMPANY          )
SERVE:                               )
Registered Agent                     )
1090 Vermont Ave. NW                 )
Washington, DC 2005                  )
AND                                  )
CT Corporation Systems               )
1015 15th Street, NW                 )
Washington, DC 20005                 )
                                     )
         Defendants.                 )

RECEIVED
Civil Clerk's Office

MAR 0 9 2007

Superior Court
District of Columbia
Washington, D.C.

0001762-07

CASE NUMBER:



LOEWINGER & BRAND,
PLLC
471 H Street, N.W.
Washington, D.C. 20001
(202) 789-2382

## COMPLAINT FOR DECLARTORY RELIEF AND BREACH OF AN INSURANCE CONTRACT

COMES NOW, Plaintiffs, by Counsel, seeking the declaratory relief on the breach of a contract to enforce an insurance policy and for a cause of action shows th Honorable Court as follows:

1. Jurisdiction is founded under DC Code §11-921.

2. Grace Daughtridge and Betty J. Daughtridge, hereinafter "Plaintiffs", are adult citizens of the United States and residents of the District of Columbia whose addresses are 625 G Street, SW, Washington, DC.

3. Carrollsburg Condominium Association, Inc., hereinafter "defendant Carrollsburg", is a corporation conducting business and registered in the District Columbia at 1050 17th Street, NW, Washington, DC and the Statutory Condominium Association for Carrollsburg Condominiums located at 1257 Delaware Avenue, SW, Washington, DC and charged with its statutory duties under the District of Columbia Condominium Act.

4. Travellers Insurance Company, Inc., hereinafter "defendant Travellers", is a corporation incorporated in St. Paul, Minnesota and writing fire and casualty insurance policies within the District of Columbia and having a registered agent i the District of Columbia at 1090 Vermont Ave. NW, Washington, DC and at 101 15th Street, NW, Washington, DC.

Plaintiffs own real property located at 1257 Delaware Ave., SW, Washington, DC, lot 2056, square 0546 as evidenced by the Deed attached hereto and incorporated by reference herein as Exhibit "A".

6.  Defendant Carrollsburg is operating under §42-1903 et seq. of the District of Columbia Condominium Act and pursuant to its By-Laws and Articles of Incorporation has a duty to insure that the premises and limited common elements under its control are insured and capable of being reconstructed in the event of a loss by fire.

7.  Defendant Carrollsburg as trustee and statutory agent of the Condominium Association, acting pursuant to the condominium by-laws, placed an active insurance policy, written by defendant Travellers on the Plaintiff's realty and improvements pursuant to its powers and duties as a condominium association. Said policy was in force at the time of the loss alleged in this Complaint.

8.  Defendant Carrollsburg, at the time of the fire which caused the damage that defendant Travellers refuses to correct properly, held a policy of fire insurance for the benefit of, and as trustee for, the Plaintiffs, among other owners.

9.  Defendant Carrollsburg is named as a necessary defendant as defendant Carrollsburg is the named insured in the insurance policy written by defendant Travellers.

10. Plaintiff's real property was insured by defendant Travellers and Plaintiffs are a third party beneficiary under the insurance policy that has provided coverage since the purchase date. A copy of said insurance policy is attached hereto as Exhibit "B".

LOEWINGER & BRAND,
PLLC
471 H Street, N.W.
Washington, D.C. 20001
(202) 789-2382

said insurance policy provides coverage for damage from fire and states that defendant Travelers will pay to replace the damaged property with materials of comparable quality, the same design specifications and the same purpose as stated in the "casualty loss by fire" paragraph in said policy.

12. On March 19, 2004, Plaintiff's dwelling was damaged and partially destroyed by fire.

13. The fire was an insured risk under said policy and Plaintiffs properly gave notice to defendant Carrollsburg and defendant Travellers as required by the Condominium By-Laws.

14. Defendant Travellers has receipt of the notice and admits notice.

15. Defendant Carrollsburg gave said notice to defendant Travellers of said loss.

16. Plaintiff's estimated total reconstruction cost to restore the insured property is approximately $141,486.00 as of 2004. Said estimate will be more costly at present due to inflation.

17. Plaintiffs were provided this estimate by Scharf Associates Inc. who are licensed in the District. Said estimate is attached hereto and incorporated herein by reference as Exhibit "C".

18. Defendant Travellers has offered $90,099.70 to defendant Carrollsburg to reconstruct the property to a lesser quality than that of the property before the fire.

19. Plaintiffs have advised defendant Travellers and defendant Carrollsburg that this estimate is not acceptable to Plaintiffs and will not fully pay for the loss.

20. Defendant Travellers' offer is grossly insufficient, underestimated the loss and will not fund reconstruction to a "pre-fire" state as required by the policy.

LOEWINGER & BRAND,
PLLC
471 H Street, N.W.
Washington, D.C. 20001
(202) 789-2382

Both defendants have refused to give permission to Plaintiffs to restore the property and reimburse Plaintiffs which forced Plaintiffs to do the restoration work and file this suit.

22. Plaintiffs have lost rents due to defendant Travellers delay in funding the reconstruction and defendant Carrollsburg's delay in settling the claim.

23. Plaintiffs have incurred real estate taxes and expenses on the property due to this delay.

24. Defendant Travellers refused to fulfill its contractual obligation to the Plaintiffs by reconstructing the property to its "before fire" state and refused to pay Plaintiffs for their loss.

25. Defendant Carrollsburg refused to sue defendant Travellers.

26. Defendant Travellers refuses to meaningfully discuss the estimate provided by the Plaintiffs or a comparison of estimates provided by the Plaintiff's counsel attached hereto and incorporated by reference herein as Exhibit "D".

27. Defendant Travellers refuses to address the obvious shortcomings in its own estimate provided by Fire Works Construction, Inc. attached hereto and incorporated by reference herein as Exhibit "E".

28. Defendant Travellers has not repaired the property.

29. Defendant Travellers has not paid the Plaintiffs for their loss.

30. The property is vacant, unlivable and unrentable in its present state.

31. Said conduct of defendant Travellers constitutes a breach of the contract created by the insurance policy for the benefit of the Plaintiffs.

32. Plaintiffs are entitled to sue thereon the breached contract as an intended beneficiary thereof.

33. Defendant Carrollsburg has failed to discharge its duty to the Plaintiffs to timely sue defendant Travellers on the policy of insurance.

34. Defendant Carrollsburg has failed to properly adjust the loss or timely initiate the lawsuit on behalf of the Plaintiffs themselves and therefore has also breached the Condominium agreement with the Plaintiffs and its duty to the Plaintiffs.

35. Defendant Travellers has offered proceeds which are insufficient to cover the Plaintiff's loss and defendant Carrollsburg placed the insurance policy with improper and insufficient coverage whereby defendant Carrollsburg should answer in negligence for said insufficient coverage.

NOW WHEREFORE the Plaintiff, by and through counsel, respectfully prays this Court grant Declaratory Relief for the Plaintiff ordering the Defendant Travellers to pay Plaintiff's loss in the amount of $141,486.00, $50,000.00 for lost rents, expenses and carrying costs and for $250,000.00 in punitive and delay damages and all costs and attorney's fees associated herein and damages from defendant Carrollsburg for failure to timely adjust the loss and place proper coverage.

Respectfully Submitted,

Edward X. Pugh II - #499250
LOEWINGER & BRAND, PLLC
471 H Street, N.W.,
Washington, D.C. 20001
(202) 789-2382
Attorney for Plaintiff

**JURY TRIAL DEMANDED**

LOEWINGER & BRAND,
PLLC
471 H Street, N.W.
Washington, D.C. 20001
(202) 789-2382

We ask for this:

_Grace Daughtridge_

LOEWINGER & BRAND,
PLLC
471 H Street, N.W.
Washington, D.C. 20001
(202) 789-2382

PLAINTIFF'S EXHIBIT D

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

GRACE DAUGHTRIDGE, et al.,          )
                                    )
          Plaintiffs,               )        Civil Action No. 0001762-07
                                    )        Calendar #: ___
v.                                  )        Judge: Melvin R. Wright
                                    )        Next Event:   Initial Conference
CARROLLSBURG SQUARE                 )                      June 8, 2007
CONDOMINIUM ASSOCIATION,            )                      9:30 a.m.
INC., et al.,                       )
                                    )
          Defendants.               )

## WRITTEN NOTICE PURSUANT TO 28 U.S.C. § 1446(d)
## OF FILING OF NOTICE OF REMOVAL IN FEDERAL COURT

Please take notice that, pursuant to 28 U.S.C. § 1446(d), a Notice of Removal was filed on this date in the United States District Court for the District of Columbia with respect to the above-captioned matter. Attached hereto as Exhibit 1 is a true and correct copy of the Notice of Removal for filing in the Superior Court for the District of Columbia to effectuate the removal of this action to the United States District Court for the District of Columbia and to stay all further proceedings in this Court.

Respectfully submitted,

Steven M. Klepper, #501899
KRAMON & GRAHAM, P.A.
One South Street, Suite 2600
Baltimore, Maryland 21202
410.752.6030
*Attorneys for Defendant The Travelers
Indemnity Company of America (incorrectly
named as Travelers Insurance Company)*

Dated: April 2, 2007

SMK/SMK/00265496.WPDv1

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of April, 2007, a copy of the

Written Notice Pursuant to 28 U.S.C. § 1446(d) of Filing of Notice of Removal in

Federal Court was sent by first-class mail, postage prepaid, to:

> Edward L. Pugh II, Esquire
> LOEWINGER & BRAND, PLLC
> 471 H Street, N.W.
> Washington, D.C. 20001
>
> Jeffrey M. Hamberger, Esquire
> Kass, Mitek & Kass, PLLC
> 1050 17th St. N.W., Suite 1100
> Washington, DC 20036-5596

Steven M. Klepper

| | |
|---|---|
| GRACE DAUGHTRIDGE<br>625 G Street S.W.<br>Washington, D.C. 20024 | ) |
| | ) |
| | ) |
| and | ) |
| | ) |
| | ) |
| BETTY J. DAUGHTRIDGE<br>625 G Street S.W.<br>Washington, D.C. 20024, | ) Case No. _____ |
| | ) |
| | ) |
|         Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| CARROLLSBURG SQUARE<br>CONDOMINIUM ASSOCIATION,<br>INC.,<br>4301 Connecticut Avenue N.W. #132<br>Washington, D.C. 20008 | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| and | ) |
| | ) |
| TRAVELERS INSURANCE<br>COMPANY<br>One Tower Square<br>Hartford, Connecticut 06183, | ) |
| | ) |
| | ) |
| | ) |
| | ) |
|         Defendants. | ) |

## NOTICE OF REMOVAL

Defendant The Travelers Indemnity Company of America ("Travelers"),

incorrectly named in the complaint as Travelers Insurance Company, by its undersigned

counsel, pursuant to 28 U.S.C. § 1446, hereby removes this action from the Superior

EXHIBIT

Court for the District of Columbia to the United States District Court for the District of Columbia. The grounds for removal are:

1.    Plaintiffs Grace and Betty Daughtridge brought this action in the Superior Court for the District of Columbia against Travelers and the Carrollsburg Square Condominum Association, Inc. ("the Association"). That action is captioned *Grace Daughtridge et al. v. Carrollsburg Square Condominum Association, Inc. et al.*, Civil Action No. 0001762-07, and is referred to hereinafter as the "Superior Court Action. True and correct copies of the Summons, Complaint, and Initial Order in the Superior Court Action are attached hereto as Exhibit A. No other process, pleadings, orders, or papers have been served on Travelers in the Superior Court Action.

2.    The Daughtridges served Travelers' registered agent on March 12, 2007. Thus, in accordance with 28 U.S.C. § 1446(b), this Notice of Removal is being filed within 30 days after receipt by service of the Summons and Complaint, which was the initial pleading setting forth the claims for relief upon which this action is based.

3.    The Complaint alleges that the Daughtridges are residents of the District of Columbia.

4.    Travelers is a Connecticut corporation with its principal place of business in Hartford, Connecticut.

5.    The Complaint alleges that the Association is a District of Columbia corporation. Nevertheless, for each of the following reasons, the Daughtridges' naming

SMK/SMK/00265351.WPDv1                    2

of the Association as a defendant in their complaint does not defeat diversity jurisdiction under 28 U.S.C. § 1332, and the Association's consent to removal is not necessary:

   a.   Under the doctrine of "fraudulent joinder," *see* Wright, Miller & Cooper Federal Practice & Procedure § 3723, because the Daughtridges have not or cannot state a claim for relief against the Association under District of Columbia law and/or do not intend to secure a judgment against the Association, it is sufficient that diversity of citizenship exists between Travelers and the Daughtridges.

   b.   Additionally, to the extent that the Daughtridges contend that they have named the Association (as the named insured on the insurance policy under which the Daughtridges assert their claims against Travelers) as a necessary party to their insurance claims, the Association is deemed a co-plaintiff for the purposes of diversity jurisdiction. *See U.S. Fid. & Guar. Co. v. A&S Mfg. Co., Inc.*, 48 F.3d 131, 132 (4th Cir. 1995); *Home Ins. Co. of Ill. v. Adco Oil Co.*, 154 F.3d 739, 741 (7th Cir. 1998).

6.   The Complaint seeks damages in excess of $75,000.00.

7.    Consequently, this Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332(a)(1) because this action is between citizens of different states, and the amount in controversy exceeds the sum of $75,000.00.

8.    Removal of this lawsuit is authorized by 28 U.S.C. § 1441(a).

9.    Attached hereto as Exhibit B is a copy of the notice to the clerk of the Superior Court for the District of Columbia of the filing of this notice of removal, the original of which is being filed with the Clerk of the Superior Court for the District of Columbia, as required by 28 U.S.C. §1446(d).

10.    Attached hereto as Exhibit C is a copy of the Notice to the Adverse Party of the Filing of the Notice of Removal, the original of which is being served on Plaintiff's counsel, pursuant to 28 U.S.C. § 1446(a).

Respectfully submitted,

Geoffrey H. Genth, Bar No. MD 08735
Steven M. Klepper, Bar No. MD 26664
KRAMON & GRAHAM, P.A.
One South Street, Suite 2600
Baltimore, Maryland 21202
410.752.6030 (voice)
410.539.1269 (facsimile)
*Attorneys for Defendant The Travelers Indemnity Company of America (incorrectly named as Travelers Insurance Company)*

Dated: April 2, 2007

SMK/SMK/00265351.WPDv1                    4

I HEREBY CERTIFY that on this 2nd day of April, 2007, a copy of this

Notice of Removal was sent by first-class mail, postage prepaid, to:

Edward L. Pugh II, Esquire
LOEWINGER & BRAND, PLLC
471 H Street, N.W.
Washington, D.C. 20001

Jeffrey M. Hamberger, Esquire
Kass, Mitek & Kass, PLLC
1050 17th St. N.W., Suite 1100
Washington, DC 20036-5596

Steven M. Klepper

SMK/SMK/00265351.WPDv1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GRACE DAUGHTRIDGE, et al.,          )
                                    )
        Plaintiffs.                 )
                                    )
v.                                  )          Civil No. 07-0628 (PLF)
                                    )
CARROLLSBURG SQUARE                 )
CONDOMINIUM ASSOCIATION,            )
INC., et al.,                       )
                                    )
        Defendants.                 )

PLAINTIFFS'
EXHIBIT

## ANSWER OF TRAVELERS

Defendant The Travelers Indemnity Company of America ("Travelers"),

incorrectly named in the complaint as Travelers Insurance Company, by its undersigned

attorneys, responds to each paragraph of the Complaint as follows:

1.      The allegations of paragraph 1 consist of conclusions of law, to which no

response is required.  To the extent that a response is deemed required, Travelers is

without knowledge or information sufficient to form a belief as to the truth of the

allegations of paragraph 1.

2-3.    Travelers is without knowledge or information sufficient to form a belief as

to the truth of the allegations of paragraphs 2 and 3.

4.·     In response to the allegations of paragraph 4, Travelers states that it is a

Connecticut corporation, with its principal place of business in Hartford, Connecticut, and

that it is an insurer admitted in the District of Columbia.

07266/0/00265741.WPDv1

Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 5 and 6.

7.    In response to the allegations of paragraph 7, Travelers states that it issued to the Carrollsburg Square Condominum Association, Inc. ("the Association") a Condominium PAC policy ("the Policy"), numbered I-680584H8258-TIA-04, effective January 1, 2004, to January 1, 2005, which Policy speaks for itself.

8.    The allegations of paragraph 8 consist of conclusions of law, to which no response is required. To the extent that a response is deemed required, Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8, except that Travelers denies any breach of the Policy.

9.    The allegations of paragraph 9 consist of conclusions of law, to which no response is required. To the extent that a response is deemed required, Travelers denies the allegations of paragraph 9.

10.    In response to the allegations of paragraph 10, Travelers states that the Policy speaks for itself. Travelers denies that Exhibit B to the Complaint represents the Policy issued to the Association in effect on the date of the fire.

11.    In response to the allegations of paragraph 11, Travelers states that the Policy speaks for itself.

12.    In response to the allegations of paragraph 12, Travelers admits that Plaintiffs' condominium sustained fire-related damage.

07266/0/00265741.WPDv1                                    2

the allegations of paragraph 4 are conclusions of law to which no response is required. To the extent that a response is deemed required, Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13.

14-15. Admitted.

16. In response to the allegations of paragraph 16, Travelers admits that Plaintiffs obtained such an estimate but denies that such estimate is reasonable or correct.

17. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 17. In response to the second sentence of paragraph 18, Travelers states that the Complaint, as served upon it, contains no Exhibit C.

18. In response to the allegations of paragraph 18, Travelers states that it and the Association arrived at a reasonable agreed valuation of the loss under the Policy.

19. In response to the allegations of paragraph 19, Travelers admits that Plaintiffs make such contentions but denies the substance of such contentions.

20. Denied.

21. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21, except that Travelers denies any authority over Plaintiffs.

07266/0/00265741.WPDv1                                     3

knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 22 and 23.

24. Denied.

25. In response to paragraph 25, Travelers states that the Association has not sued it, but denies that the Association has any grounds or obligation to do so.

26-27. Denied. Travelers further states that the Complaint, as served upon it, contains no Exhibit E.

28. In response to paragraph 28, Travelers states that it is not a contractor and does not make repairs to property.

29. In response to paragraph 29, Travelers denies any breach of the Policy.

30. Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30.

31. Denied.

32. The allegations of paragraph 32 consist of conclusions of law, to which no response is required. To the extent that a response is deemed required, Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32.

33. In response to paragraph 33, Travelers states that the Association has not sued it, but denies that the Association has any grounds or obligation to do so.

response to paragraph 34, Travelers admits that the Association has not

sued it, but denies that the Association has any grounds or obligation to do so.

35. Denied.

All allegations of the Complaint not specifically admitted above are hereby

denied.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief may be granted.

2. The Complaint fails to state a basis for an award of punitive damages.

3. Plaintiffs' rights, if any, against Travelers are subject to and limited by the

terms of the Policy, including all conditions, exclusions, definitions, deductibles, and

limits of liability.

4. Plaintiffs' claims are barred to the extent that they lack standing to sue

Travelers.

5. Plaintiffs' claims are barred by payment to the extent of all payments made

by Travelers under the Policy.

6. Travelers reserves the right to amend or supplement its defenses as

additional facts become known.

Respectfully submitted,

_/s/ Steven M. Klepper_

Geoffrey H. Genth, Bar No. MD 08735
Steven M. Klepper, Bar No. MD 26664
KRAMON & GRAHAM, P.A.
One South Street, Suite 2600
Baltimore, Maryland 21202
410.752.6030 (voice)
410.539.1269 (facsimile)
_Attorneys for Defendant The Travelers_
_Indemnity Company of America (incorrectly_
_named as Travelers Insurance Company)_

Dated: April 5, 2007

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of April, 2007, a copy of the foregoing paper was sent by first-class mail, postage prepaid, to:

Edward L. Pugh II, Esquire
LOEWINGER & BRAND, PLLC
471 H Street, N.W.
Washington, D.C. 20001

Jeffrey M. Hamberger, Esquire
Kass, Mitek & Kass, PLLC
1050 17th St. N.W., Suite 1100
Washington, DC 20036-5596

_____/s/ Steven M. Klepper_____
Steven M. Klepper, Bar No. MD 26664