IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GRACE DAUGHTRIDGE, et al.          :
                                   :
              Plaintiff            :
                                   :
       vs.                         :  Case No:  07-0628 (PLF)
                                   :
CARROLLSBURG SQUARE CONDOMINIUM    :
ASSOCIATION, INC., et al.          :
                                   :
              Defendants           :

## DEFENDANT CARROLLSBURG SQUARE CONDOMINIUM ASSOCIATION, INC.'S ANSWER TO COMPLAINT

COMES NOW the Defendant, Carrollsburg Square Condominium Association by and through its counsel William John Hickey, Esquire and Robert M. Gittins, Esquire, of the Law Office of William J. Hickey and for its Answer to the Complaint filed herein state as follows:

### First Defense

The Complaint fails to state a cause of action against this Defendant and should be dismissed.

### Second Defense

1.     The allegations in Paragraph 1 are

2.     The Defendant has insufficient information to formulate a belief as to the truth of the allegations of Paragraph No. 2.

3.     The allegations of paragraph 3 consist of conclusions of law, to which no response is required. To the extent that a response is deemed required, this defendant admits that it is a corporation that conducts business in the District of Columbia.

4.     The Defendant has insufficient information to formulate a belief as to the truth of

1

the allegations of Paragraph No.4.

5.     The Defendant has insufficient information to formulate a belief as to the truth of the allegations of Paragraph 5 at this moment in time.

6.     The allegations of paragraph 6 consist of conclusions of law, to which no response is required. To the extent that a response is deemed required, this defendant admits that it is a corporation that conducts business in the District of Columbia. All other allegations are denied.

7.     The allegations of paragraph 7 consist of conclusions of law, to which no response is required. To the extent that a response is deemed required, this defendant admits that it is a corporation that conducts business in the District of Columbia and placed a policy of insurance with the Travelers Insurance Company. All other allegations are denied.

8.     The allegations of paragraph 8 consist of conclusions of law, to which no response is required. To the extent that a response is deemed required, this defendant admits that it is a corporation that conducts business in the District of Columbia and placed a policy of insurance with the Travelers Insurance Company. All other allegations are denied as written.

9.     The allegations of paragraph 9 consist of conclusions of law, to which no response is required. To the extent that a response is deemed required, this defendant admits that it is a corporation that conducts business in the District of Columbia and placed a policy of insurance with the Travelers Insurance Company. All other allegations are denied as written.

10.     The allegations of paragraph 10 consist of conclusions of law, to which no response is required. To the extent that a response is deemed required, this defendant admits that it is a corporation that conducts business in the District of Columbia and placed a policy of insurance with the Travelers Insurance Company, which policy speaks for itself as to content and

2

meaning.

11.    The allegations of paragraph 11 consist of conclusions of legal interpretation, to which no response is required. To the extent that a response is deemed required, this defendant admits that it is a corporation that conducts business in the District of Columbia and placed a policy of insurance with the Travelers Insurance Company, which policy speaks for itself as to content and meaning.

12.    Defendant admits Plaintiff's condominium sustained a fire damage loss.

13.    The allegations of paragraph 13 consist of conclusions of law, to which no response is required. Further, the Defendant has insufficient information to formulate a belief as to the truth of the allegations of Paragraph No. 13.

14.    This Defendant has insufficient information to formulate a belief as to the truth of the allegations of Paragraph No. 14 and thus will deny the allegations at this time.

15.    The Defendant admits the allegations of Paragraph 15 of the Complaint.

16.    This Defendant has insufficient information to formulate a belief as to the truth of the allegations of Paragraph No. 16 and thus will deny the allegations at this time.

17.    This Defendant has insufficient information to formulate a belief as to the truth of the allegations of Paragraph No. 17 and thus will deny the allegations at this time.

18.    This Defendant admits that it and Travelers arrived at a reasonable agreed valuation of the loss under the policy.

19.    This Defendant admits that Plaintiffs are contending as much but denies the accuracy or substance of such allegations or contentions.

20.    This Defendant denies the allegations of Paragraph 20 of the Complaint.

21.    This Defendant denies the allegations of Paragraph 21 of the Complaint.

22.     This Defendant has insufficient information to formulate a belief as to the truth of the allegations of Paragraph No. 22 and thus will deny the allegations at this time.

23.     This Defendant has insufficient information to formulate a belief as to the truth of the allegations of Paragraph No. 23 and thus will deny the allegations at this time.

24.     This Defendant has insufficient information to formulate a belief as to the truth of the allegations of Paragraph No. 24 and thus will deny the allegations at this time.

25.     The Defendant admits that it has no action pending against the Travelers Defendant arising out of the allegations of this complaint.

26.     This Defendant has insufficient information to formulate a belief as to the truth of the allegations of Paragraph No. 26 and thus will deny the allegations at this time.

27.     This Defendant has insufficient information to formulate a belief as to the truth of the allegations of Paragraph No. 27 and thus will deny the allegations at this time.

28.     This Defendant has insufficient information to formulate a belief as to the truth of the allegations of Paragraph No. 28 and thus will deny the allegations at this time.

29.     This Defendant has insufficient information to formulate a belief as to the truth of the allegations of Paragraph No. 29 and thus will deny the allegations at this time.

30.     This Defendant has insufficient information to formulate a belief as to the truth of the allegations of Paragraph No. 30 and thus will deny the allegations at this time.

31.     This Defendant has insufficient information to formulate a belief as to the truth of the allegations of Paragraph No. 31 and thus will deny the allegations at this time.

32.     The allegations of paragraph 32 consist of conclusions of law, to which no response is required.

33.     This Defendant denies the allegations of Paragraph 33 of the Complaint.

34.    This Defendant denies the allegations of Paragraph 34 of the Complaint.

35.    This Defendant has insufficient information to formulate a belief as to the truth of the allegations of Paragraph No. 35 and thus will deny the allegations at this time.

## Third Defense

Defendant affirmatively asserts the defense of the statute of limitations as to any cause(s) of action alleged in the Complaint.

## Fourth Defense

Defendant pleads and avers the affirmative defense of estoppel.

## Fifth Defense

Defendant pleads and avers the affirmative defense of accord and satisfaction.

## Sixth Defense

Defendant pleads and avers the affirmative defense of laches.

## Seventh Defense

Defendant pleads and avers the affirmative defense of contributory negligence.

## Eighth Defense

Defendant pleads and avers the affirmative defense of the assumption of the risk.

## Ninth Defense

The Defendant pleads and avers that the injuries and damages alleged by the Plaintiffs were the result of independent and/or intervening acts over which Defendant had no control or responsibility.

## Tenth Defense

The Defendant pleads and avers the affirmative defense of payment.

**Eleventh  Defense**

The Defendant pleads the affirmative defense that the Plaintiffs failed to mitigate damages.

**Twelfth  Defense**

The Plaintiffs have failed to plead facts or cause(s) of action entitling them to punitive damages.

**Thirteenth  Defense**

The Plaintiffs lack standing to assert the cause(s) of action alleged against this defendant.


Respectfully submitted,
Law Offices of William J. Hickey

_____
William John Hickey, Bar No: 928945
Counsel for the Defendant
33 Wood Lane
Rockville, Maryland 20850
301-424-6300

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 15th day of May, 2007, I mailed, postage prepaid a copy of the foregoing Answer to:

Kenneth J. Loewinger, Esquire
Loewinger & Brand, P.C.
471 H Street, N.W.
Washington, D.C.  20001

Steven M. Klepper, Esquire
Kramon & Graham, P.A.
One South Street, Suite 2600
Baltimore, Maryland  21202-3201

_____

6

William John Hickey