IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GRACE DAUGHTRIDGE, et al. : | |
| : | |
| Plaintiff : | |
| : | |
| vs. : | Case No: 07-0628 (PLF) |
| : | |
| CARROLLSBURG SQUARE CONDOMINIUM : | |
| ASSOCIATION, INC., et al. : | |
| : | |
| Defendants : | |

**DEFENDANT CARROLLSBURG SQUARE CONDOMINIUM
ASSOCIATION, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**

COMES NOW Defendant Carrollsburg Square Condominium Association ("Carrollsburg") by and through its counsel William John Hickey, Esquire and Robert M. Gittins, Esquire, of the Law Office of William J. Hickey, pursuant to the Court's Order of June 4, 2007, hereby oppose Plaintiff's Motion to Remand. In support thereof, Defendant states as follows:

1. On or about March 9, 2007, Plaintiffs' filed a Complaint in DC Superior Court entitled "Complaint For Declaratory Relief and Breach Of An Insurance Contract" against Defendants Carrollsburg and Travelers Insurance Company ("Travelers"). Said Complaint states no individual Counts, nor avers any cognizable claims against Carrollsburg. The Complaint's ad damnum requests declaratory relief, lost rents, expenses, carrying costs, punitive damages and delay damages, as well as costs and attorneys' fees from Travelers alone. Plaintiffs finally request unspecified damages from Carrollsburg for "failure to timely adjust the loss and place proper coverage."

2. On or about April 2, 2007, Travelers removed this action from DC Superior Court, arguing that this Court has original jurisdiction due to the fact that action is between citizens of

1

different states, as Travelers is a Connecticut corporation and Plaintiffs are DC residents, and the amount in controversy exceeds $75,000.00. It was asserted that Carrollsburg was named as a defendant by Plaintiffs as a necessary party as the named insured on the Travelers' insurance policy at issue in this litigation. Travelers further argued, *inter alia*, that Plaintiffs have not and cannot state a valid claim against Carrollsburg under DC law, and thus, under the doctrine of "fraudulent joinder," there is sufficient diversity of citizenship between Plaintiffs and Travelers to support removal. Carrollsburg hereby supports and incorporates the position of Travelers as set forth in its Notice of Removal.

   3. On or about April 20, 2007, Plaintiffs filed a motion to remand this matter to DC Superior Court alleging that Travelers did not adequately plead fraudulent joinder and that the realignment of the parties as pled in Plaintiffs' Complaint did not create diversity jurisdiction.

   4. On or about May 4, 2007 Travelers filed its Opposition to Plaintiffs' Motion to Remand demonstrating that Plaintiffs' allegations do not create adversity between Plaintiffs and Carrollsburg as Plaintiffs are simply seeking additional insurance coverage under a policy wherein Carrollsburg is the named insured. Consequently, diversity exists as Travelers is a Connecticut-based corporation while Plaintiffs are DC residents and Carrollsburg is not an adverse party. Travelers further provides substantive legal authority evincing the applicability of the "fraudulent joinder" doctrine, under which the allegations contained within Plaintiffs' Complaint fail to destroy diversity as Plaintiffs have not and cannot sustain a viable claim against Carrollsburg under DC law. Carrollsburg entirely agrees with the arguments presented by Travelers in its Opposition and incorporates all such arguments herein.

5.      On or about May 21, 2007, Plaintiffs filed a Response to Traveler's Opposition, wherein they contend that Plaintiffs do in fact have valid and cognizable claims against Carrollsburg. While it is debatable that these purported claims are in fact viable against, Carrollsburg, there can be no argument that Plaintiffs have not yet identified any such claims, valid or not, in its Complaint. As previously discussed, Plaintiffs request unspecified damages from Carrollsburg for "failure to timely adjust the loss and place proper coverage." As demonstrated by Travelers in its earlier filings, Plaintiffs Complaint does not in fact make a single sustainable claim against Carrollsburg. Therefore, and as previously argued by Travelers, diversity exists between Travelers and Plaintiffs and Plaintiffs cannot destroy diversity based upon the inherently flawed assertions against Carrollsburg as alleged in Plaintiffs' Complaint.

WHEREFORE, Defendant Carrollsburg respectfully requests the Court deny Plaintiffs' Motion to Remand.

                                Respectfully submitted,
                                Law Offices of William J. Hickey

                                    /s/ William J. Hickey
                                William John Hickey, Bar. No. 928945
                                Robert M. Gittins, Bar No. 490016
                                Law Offices of William J. Hickey
                                33 Wood Lane
                                Rockville, Maryland 20895
                                (301) 424-6300
                                (301)294-4568 (fax)
                                rob@hickeylegal.com
                                Counsel for Defendant Carrollsburg

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this 15th day of May, 2007, a copy of the foregoing was sent, via electronic filing and/or first-class mail, postage prepaid, to:

Kenneth J. Loewinger, Esquire
Loewinger & Brand, P.C.
471 H Street, N.W.
Washington, D.C.  20001

Steven M. Klepper, Esquire
Kramon & Graham, P.A.
One South Street, Suite 2600
Baltimore, Maryland  21202-3201

                                                          /s/ William J. Hickey
                                                    William John Hickey